IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NITRO CONSTRUCTION SERVICES, INC.,

    Plaintiff,

v.                          CIVIL ACTION NO. 2:18-cv-01510

EDWARD D'AQUILA, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

I. Introduction

Pending before the court is the defendants' Motion to Dismiss Complaint [ECF No. 4]. For the reasons that follow, the Motion is **GRANTED**.

II. Background

The Complaint in this matter filed by Nitro Construction Services, Inc. ("Nitro") states that "[t]his action stems from the initiation of a Complaint for Monies Due filed in this Court on June 28, 2018, by three local unions—Plumbers & Pipefitters Local 625, 565, and 83 and the West Virginia Pipe Trade Health and Welfare Fund (the 'Fund') against Nitro." Compl. [ECF No. 1] 1. The Complaint filed on June 28, 2018 in this court (the "First Action") involves a multiemployer health and welfare fund established and maintained under the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*[1] The Fund was established to provide funding for health and welfare benefits for eligible employees of employers who have entered into collective bargaining agreements or participation agreements with the local unions. By entering into such agreements, participating employers agree to make periodic contributions to the Fund with respect to workers of the local unions who work for the participating employers.

Nitro—the plaintiff in this action and the defendant in the First Action—is a participating employer in the Fund and submits contributions to the Fund with respect to workers of the local unions who perform work for it. The Fund is administered by a board of trustees, currently comprised of the defendants in this action: Edward D'Aquila, Gary Yarnell, Michael Rhodes, Don Wagenheim, Steve Ellis, and Michael Romine ("Trustees").

The plaintiffs in the First Action allege that Nitro was late in making certain contributions by the contractually mandated due date. Although the principal amounts have been paid, the plaintiffs in the First Action seek to recover liquidated damages and interest in the amount of $81,326.05, in addition to attorneys' fees and costs.

Notably, Nitro filed a Third-Party Complaint against the Trustees in the First Action on August 30, 2018. This court struck the Third-Party Complaint in its entirety on November 16, 2018 for its failure to comply with Federal Rule of Civil

---

[1] The First Action is *Plumbers & Pipefitters Local 625 v. Nitro Construction Services, Inc.*, Civil Action No. 2:18-cv-1097.

2

Procedure 14. On December 12, 2018, Nitro filed this action against the Trustees, asserting identical claims against the Trustees as were set forth in its Third-Party Complaint. Nitro's Complaint in this action contains five counts: Count One alleges a breach of fiduciary duties under ERISA § 502(a)(3); Count Two seeks a declaratory judgment against the Trustees pursuant to 28 U.S.C. § 2201; Count Three alleges, in the alternative, a breach of contract under federal common law; Count Four alleges, in the alternative, a breach of fiduciary duty under federal common law; and Count Five alleges equitable estoppel.

On January 17, 2019, the Trustees filed a Motion to Dismiss this action [ECF No. 4] pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Nitro's Complaint fails to state any claim upon which relief may be granted.

### III.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although it is true that "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) (citing *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015)).

IV. Discussion

a. ERISA Claim

Count One alleges a breach of fiduciary duty against the Trustees under § 502(a)(3) of ERISA. In this Count, Nitro alleges that the Trustees breached their duty of loyalty and failed to meet the standard of care imposed on ERISA fiduciaries. The court finds that this claim fails for a lack of standing.

Section 502(a) permits a participant, beneficiary, or fiduciary to bring a civil action to enjoin any act or practice which violates the provisions of ERISA or the terms of the plan, or to "obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter of the terms of the plan." 29 U.S.C. § 1132(a)(3). It is uncontroverted that Nitro is neither a participant nor a beneficiary under the Plan because it is an employer.[2] Thus, Nitro "has standing

---

[2] ERISA defines a "participant" as "any employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). "Under these definitions, an employer can be neither a participant nor a

4

under § 502(a)(3) only if (1) it is a 'fiduciary' under ERISA, and (2) it is asserting [its] claims in its fiduciary capacity." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003).

With regard to the first requirement, a person "is a fiduciary with respect to [an ERISA] plan to the extent . . . [that] he exercises any discretionary authority or discretionary control respecting management of [the] plan [or] has any discretionary authority or discretionary responsibility in the administration of [the] plan." 29 U.S.C. § 1002(21)(A). Nitro's Complaint alleges that Nitro exercises discretionary authority over the management and administration of the Plan. *See* Compl. ¶¶ 2, 32. However, even assuming that Nitro has alleged sufficient facts to render it a fiduciary under ERISA, Nitro lacks standing because it is not pursing its ERISA claims in a fiduciary capacity.

The Fourth Circuit has held that a fiduciary has "standing under §502(a)(3) . . . only as to those claims that are 'related to the fiduciary responsibilities it possesses.'" *Sonoco*, 338 F.3d at 374 (quoting *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996). In *Sonoco*, the court held that an employer was not acting in a fiduciary capacity and thus lacked standing under § 502(a)(3) where an employer sought "by the Complaint to recover for harm that *it* suffered." *Id.* (emphasis added). The court stated that

> [t]he harm that [the employer] suffered is therefore independent from any harm suffered by the Plan Beneficiaries. [The employer] is not asserting the breach of

---

beneficiary." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 n.8 (4th Cir. 2003).

> contract claims in its fiduciary capacity, but rather it is seeking to enforce its own rights under the Contract. As a result, [the employer] has no standing to assert the breach of contract claims under § 502(a)(3).

*Id.*

Like the employer in *Sonoco*, Nitro's ERISA claim seeks only to protect "interests of its own." *Id.* Count One of Nitro's Complaint alleges that "*Nitro Construction* has suffered *direct harm* in its role as a fiduciary of the Plan in being assessed an $81,326.05 penalty for allegedly late contributions during the time period of June 2016 through August 2017." Compl. ¶ 70 (emphasis added). Further, Count One states that "[t]he injuries incurred *by Nitro Construction* are a direct result of the Trustees, in their personal and official capacities, failing to follow the terms of the Plan Documents, breaching their duties of loyalty and failing to meet the standard of care imposed on ERISA fiduciaries." *Id.* ¶ 71 (emphasis added). In short, Nitro alleges that it suffered harm separate and apart from any injury to the Plan Beneficiaries, and it is that harm for which Nitro seeks redress.[3] Because Nitro only possesses standing to pursue actions under § 502(a) that are "related to the fiduciary responsibilities it possesses," Count One fails as a matter of law. *Coyne*, 98 F.3d at 1465. Accordingly, the court **DISMISSES** Count One **with prejudice**.

---

[3] Nitro does not contend that its ERISA claim is brought in a fiduciary capacity. *See* Resp. 15. To the contrary, Nitro contends that "no such requirement" exists for claims brought pursuant to § 502(a)(3).

### b. Federal Common Law Claims

The court now turns to Counts Three and Four, which are alleged as alternative claims to the ERISA claim asserted in Count One. Count Three alleges a breach of contract under federal common law, and Count Four alleges a breach of fiduciary duty under federal common law. Nitro asks the court to "create a federal common law claim with respect to the ERISA-regulated plan at issue" if "the Court finds that Nitro Construction does not have standing to bring the claims asserted in Count I of the Complaint." Resp. [ECF No. 7] 21. The court finds that these claims also fail as a matter of law.

"Congress intended for courts to develop federal common law to supplement the statutory provisions of ERISA . . . ." *Gleichert v. AT&T Corp.*, No. 2:07-00038, 2008 WL 11379935, at *4 (S.D. W. Va. Apr. 10, 2008). Courts cannot, however, "create remedies under the federal common law beyond those Congress has seen fit to enact." *Provident Life & Accident Ins. Co. v. Cohen*, 423 F.3d 413, 425 (4th Cir. 2005); *Singer v. Black & Decker Corp.*, 964 F.2d 1449, 1452 (4th Cir. 1992) ("Courts must be conscientious to fashion federal common law only when it is necessary to effectuate the purposes of ERISA."). The Fourth Circuit has held that it is "particularly inappropriate to afford [the plaintiff] a federal common law remedy where Congress purposefully chose to exclude such a remedy under the governing statute." *Provident Life*, 423 F.3d at 424.

Here, Nitro's sole ERISA claim fails because Nitro lacks standing. Specifically, Nitro's ERISA claim related only to the alleged harm Nitro, itself, suffered, and a fiduciary only has standing to bring actions related to the fiduciary responsibility it possesses. The Fourth Circuit has held that this limitation on a fiduciary's standing is a statutory one: "The inclusion of the phrase 'to the extent' in ERISA's definition of fiduciary 'means that a party is a fiduciary only as to the activities which bring the person within the definition.'" *Coyne*, 98 F.3d at 1465 (quoting *Coleman v. Nationwide Life. Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992)) (holding that as a consequence, a fiduciary only has standing to bring actions related to the fiduciary responsibility it possesses). Accordingly, the creation of a federal common law remedy in this instance would result in a remedy "beyond those Congress has seen fit to enact." *Provident Life*, 423 F.3d at 425. The court declines to create federal common law to fill a gap of ERISA that Congress deliberately "chose to exclude." *Id.* at 424. Counts Three and Four are **DISMISSED with prejudice**.

### c. Declaratory Judgment

In Count Two, Nitro seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. Nitro requests that the court "issue declaratory judgment . . . against the Trustees, declaring that the Trustees cannot assess the liquidated damages, penalties and interest against Nitro Construction and declaring that the Trustees breached their fiduciary duties, including failing to follow the terms of applicable plan documents." Compl. ¶ 99. The court declines to entertain a declaratory action here.

The Declaratory Judgment Act ("DJA") provides that federal courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C.A. § 2201 (emphasis added). "Thus, the authority of federal courts to entertain declaratory judgments, equitable in nature, is discretionary." *First Fin. Ins. Co. v. Crossroads Lounge, Inc.*, 140 F. Supp. 2d 686, 689 (S.D. W. Va. 2001).

The Fourth Circuit has noted that a declaratory judgment should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, *or to interfere with an action which has already been instituted.*" *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937) (emphasis added); *see also Crossroads Lounge*, 140 F. Supp. 2d at 690. Furthermore, "[i]t is well settled that the declaratory remedy should not be invoked merely to try issues or determine the validity of defenses in pending cases." *Id.* The *Quarles* court held that a district court should normally entertain a declaratory judgment action otherwise within its jurisdiction "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.*

In the Preamble of its Complaint, Nitro states that "[t]his action *stems from* the initiation of a Complaint for Monies Due filed in this Court on June 28, 2018"— that is, the First Action. Compl. 1 (emphasis added). Nitro asks this court to issue a declaratory judgment declaring that the Trustees cannot assess the liquidated damages, penalties, and interest that the Fund seeks to obtain against Nitro in the

9

First Action. Further, Nitro alleges that "[i]t is inequitable for the Trustees to levy such liquidated damages, penalties and interest against Nitro Construction" at issue in the First Action "in light of the vast breach of fiduciary duties by the Trustees." Compl. ¶ 100. In short, Nitro seeks a declaration from this court that the Trustees cannot obtain the exact relief sought in the First Action. As such, entertaining a declaratory judgment in this case would "interfere with an action which has already been instituted." *Quarles*, 92 F.2d at 325. Moreover, Nitro is invoking the declaratory remedy to determine the validity of a possible defense to the imposition of liquidated damages, penalties, and interest in the First Action. For these reasons, the court declines to entertain a declaratory judgment action in this case. Count Two is **DISMISSED with prejudice**.

### d. Equitable Estoppel

Count Five alleges a claim of equitable estoppel under West Virginia law. Nitro states that "[t]he Trustees should be equitably estopped from assessing liquidated damages, penalties and interest against Nitro Construction due to the inexcusable and improper deficiencies in notice of the allegedly delinquent contributions and the representations made by Fund Counsel to Nitro Construction." Compl. ¶ 122.

The court finds that Nitro has failed to state a claim for equitable estoppel upon which relief may be granted. To be sure, "West Virginia law does recognize a claim for equitable estoppel." *Corder v. Countrywide Home Loans, Inc.*, No. 2:10-0738, 2011 WL 289343, at *7 (S.D. W. Va. Jan. 26, 2011). However, "[a]s a defense,

10

equitable estoppel has no place in the plaintiffs' Complaint." *Warden v. PHH Mortg. Corp.*, No. 3:10-CV-75, 2010 WL 3720128, at *7 (N.D. W. Va. Sept. 16, 2010) (dismissing claim for equitable estoppel for failure to state a claim upon which relief could be granted where the plaintiffs pleaded estoppel as an equitable defense). Here, Nitro has pleaded estoppel as an equitable defense to the assessment of liquidated damages, penalties, and interest at issue in the First Action. This is evidenced by Nitro's attempt to prevent the imposition of such relief and the fact that Nitro's Complaint states this entire action "stems from the initiation of a Complaint for Monies Due filed in this Court on June 28, 2018"—that is, the First Action. Compl. 1. Because Nitro's claim for equitable estoppel is pleaded as a defense, it fails as a matter of law. Count Five is **DISMISSED with prejudice**.

V.  Conclusion

Because Nitro's Complaint fails to state a claim upon which relief can be granted, the court **GRANTS** the defendants' Motion to Dismiss [ECF No. 4]. Counts One, Two, Three, Four, and Five of Nitro's Complaint [ECF No. 1] are **DISMISSED with prejudice**. Thus, it is hereby **ORDERED** that this action be **DISMISSED** from the docket of this court and that the Supplemental Motion to Dismiss [ECF No. 13], Motion to Strike Supplemental Motion to Dismiss [ECF No. 17], and Motion for Leave to File a Supplemental Motion to Dismiss [ECF No. 28] are all **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: April 8, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE